United States District Court
District of Minnesota

| | |
|---|---|
| JUSTYNA BAKEMAN, <br><br> Plaintiff, <br><br> v. <br><br> ACE CASH EXPRESS, INC., <br><br> Defendant. | Court file no. _____ <br><br><br> **Complaint** <br><br> **JURY TRIAL DEMANDED** |

## Introduction

1. Plaintiff brings this action against Defendant to recover damages and other relief available at law for the negligent, knowingly and/or willful conduct of contacting Plaintiff via her cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et se. [hereinafter "TCPA"].

## Jurisdiction

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227 for the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

3. Injunctive relief is available pursuant to the TCPA.

4. This action arises out of Defendant's repeated violations of the TCPA in its efforts to collect a consumer debt.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here, and called Plaintiff repeatedly here.

### Parties

6. Plaintiff Justyna Bakeman is a natural person who resides in New Hope, County of Hennepin, State of Minnesota.

7. Defendant ACE Cash Express, Inc., [hereinafter "Defendant"] is, and at all times mentioned herein was a corporation organized and existing under the laws of the State of Texas, with its principle place of business located at 1231 Greenway Drive, Suite 600, Irving, Texas 75038.

### Factual Allegations

*Background*

8. Founded in 1968 and headquartered in Irving, Texas, Defendant is the largest owner, operator and franchiser of retail financial service stores in the United States, with more than 1,700 company owned and

franchised ACE Cash Express and ACE Cash Advance stores throughout the US. Defendant's stores are typically found in strip malls, in free-standing buildings on busy streets, and in kiosks within retail stores. Defendant provides check cashing, check disbursement, wire transfer, and money order services, loan, credit and insurance agency services, and tax preparation services.

9. Upon information and belief, Plaintiff's son, Jason G. Tandy, obtained a loan from Defendant.

10. Upon information and belief, at some point in time thereafter, Plaintiff's son defaulted on the loan he received from Defendant.

11. That at all times herein material, Plaintiff's son was not residing with her.

12. Plaintiff has never had a business relationship with Defendant., or any of its affiliates or subsidiaries.

13. That at all times herein material, Plaintiff had a wireless cellular telephone, telephone number ending in 0957.

14. The telephone number ending in 0957, which Defendant used to contact Plaintiff repeatedly, was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At no point did Plaintiff provide Defendant (or any of its affiliates or subsidiaries) with her cellular telephone number (or any of its affiliates or subsidiaries), nor did she provide express consent to call her on her cellular telephone.

16. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

17. At all times relevant to this complaint, Defendant owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

18. Defendant, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

19. Defendant, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(28).

20. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47

U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

21. At all times relevant to this complaint, Defendant used, controlled, and/or operated an "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1), and 47 C.F.R. 64.1200(f)(2).

*First illegal automatic telephone dialing system call in violation of the TCPA*

22. On May 9, 2013, Defendant's did not have consent to telephone Plaintiff's cellular telephone, number ending in 0957.

23. That on this date, Plaintiff did not provide "express consent" or any other form of consent allowing Defendant to make a telephone call to Plaintiff's cellular telephone with or without the use of any automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system.

24. That upon information and belief, on this date, Defendant called Plaintiff's cellular telephone, number ending in 0957, using an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25. On this date, any consent Defendant may have believed it had, albeit wrongly, was unequivocally confirmed not to exist by Plaintiff when she spoke with a female employee of Defendant. On that date, Plaintiff received a telephone call from Defendant's employee, attempting to collect on the loan that Plaintiff's son had obtained from Defendant.

26. That during this telephone call and discussion, Plaintiff instructed Defendant to not call her cellular telephone phone ever again, number ending in 0957.

### *Continued Knowing and Willful Conduct*

27. That in addition to not having any business relationship between Defendant and Plaintiff, ever providing Defendant her cellular telephone number to call, and the telephone call described above between Defendant and the Plaintiff, Plaintiff further made it clear to Defendant that it did not have permission to call her cellular telephone on June 19, 2013 and August 19, 2013, speaking with Defendant's employees once again demanding it stop calling her cellular telephone.

*Multiple additional telephone calls in violation of the TCPA*

28. Upon information and belief, using an automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and despite being told to not call Plaintiff's telephone again on May 9, 2013, Defendant and its employees willfully and knowingly continued to repeatedly call Plaintiff on her cellular telephone on May 10, 2013, May 11, 2013, May 15, 2013, May 16, 2013, May 17, 2013, May 18, 2013, May 20, 2013, May 21, 2013, May 22, 2013, May 24, 2013, May 25, 2013, May 26, 2013, May 28, 2013, May 29, 2013, May 30, 2013, May 31, 2013, June 1, 2013, June 3, 2013, June 6, 2013, June 11, 2013, June 12, 2013, June 13, 2013, June 14, 2013, June 17, 2013, June 18, 2013, June 20, 2013, June 29, 2013, July 9, 2013, July 15, 2013, July 23, 2013, July 27, 2013, and August 9, 2013.

29. Upon information and belief, Plaintiff received at least Fifty-Two (52) of these calls to her cellular telephone by Defendant using an automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii) since May 9, 2013.

30. Upon information and belief, the Telephone ID for Plaintiff's cellular telephone recorded numbers Defendant used to call Plaintiff's cellular telephone, included, but may not have been limited to, 651-964-4238, 651-964-4240, 651-964-4539. 651-964-4241, 651-964-4142, 651-964-3429, 651-964-3204, and 888-753-2355.

*Call from Debt Collector Stellar Recovery, Inc. on August 22, 2013*

31. Upon information and belief, on or around August 2013, Defendant hired Stellar Recovery, Inc., a debt collector, to attempt to collect the at-issue debt.

32. On August 22, 2013, Stellar Recovery, Inc., using telephone number 651-346-3192, telephoned Plaintiff's cellular telephone, number ending in 0957, with an automatic telephone dialing system/artificial or prerecorded voice/predictive dialer system in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

33. That on this date, Stellar Recovery, Inc., like Defendant, did not have consent/permission to call Plaintiff's cellular telephone, number ending in 0957.

34. That on this date, Plaintiff had no prior business relationship with Stellar Recovery, Inc., and did not owe the debt Stellar Recovery, Inc. was calling about.

35. That as a creditor on whose behalf an autodialed/artificial or prerecorded voice/predictive dialer system call was made to a wireless number, Defendant was responsible for Stellar Recovery, Inc.'s violation of the TCPA.

*Summary*

36. Defendant's repeated calls to Plaintiff's cellular telephone within the last one (1) year prior to filing this complaint were illegal and in violation of the TCPA, 47 U.S.C. § 227 et seq.

37. Defendant's actions constituted unauthorized use of, and interference with Plaintiff's cellular phone service for which Plaintiff paid money.

**Respondeat Superior Liability**

38. The acts and omissions of these individual Defendant, and the employees employed as agents by Defendant, who communicated and attempted to communicate via telephone with Plaintiff, as more further described

herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

39. The acts and omissions by these individual Defendant and these other employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant.

40. By committing these acts and omissions against Plaintiff, these individual Defendant and these other employees were motivated to benefit their principal, Defendant.

41. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees, including but not limited to violations of the TCPA.

## Trial by Jury

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227 et seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Within the one year period immediately preceding this action, Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

45. The acts and or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done negligently, knowingly, willfully, unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

47. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system to call her cellular telephone, and was never given any such consent at any time thereafter.

48. Defendant made such calls intentionally, knowingly, and willfully.

49. Under 47 U.S.C. Section 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

50. Because Defendant willfully and knowingly violated the TCPA, Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff for those willful and knowing calls pursuant to the 47 U.S.C. Section 227(b)(3).

51. Plaintiff is entitled to injunctive relief prohibiting Defendant, its affiliates, subsidiaries, or agents from contacting the Plaintiff on her cellular phone using an automatic telephone dialing system/artificial or pre-recorded voice/predictive dialer system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## Prayer for Relief

**Wherefore,** Plaintiff prays that judgment be entered against each Defendant for:

### Count 1:

### Violations of the Telephone Consumer Protection Act
47 U.S.C. §§ 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff for each and every willful or knowing call;

- for an injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a); and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: 11/18/13

                      **JOHNSTON | MARTINEAU, P.L.L.P.**

                      s/Christopher P. Martineau
                      Christopher P. Martineau, Esq.
                      Attorney I.D.#0329265
                      Christopher A. Johnston, Esq.
                      Attorney I.D. #031156X
                      2233 Hamline Avenue North, Suite 550
                      Roseville, MN 55113
                      Telephone:  (612) 767-7790
                      Facsimile: (612) 379-0480
                      cmartineau@jm-legal.com
                      cjohnston@jm-legal.com

                      **ATTORNEYS FOR PLAINTIFFS**

## Verification of Complaint and Certification

STATE OF MINNESOTA      )
                        ) ss
COUNTY OF HENNEPIN      )

Pursuant to 28 U.S.C. § 1746, Plaintiff Justyna Bakeman having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _November 15, 2013_                    _____
                                                    Justyna Bakeman